UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MODESTO VALDOVINOS-MEDINA, ) <br> ) <br> Movant, ) <br> ) <br> -vs- ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | NO.  CR-04-0196-WFN-1 <br>         CV-08-0338-WFN <br><br> ORDER |

Before the Court is Defendant's pro se Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed October 29, 2008 (Ct. Rec. 74). On October 30, 2008, the Court issued an Order which gave Mr. Valdovinos-Medina until December 1, 2008, to file supplementary materials containing factual support for the timeliness of Mr. Valdovinos-Medina's 28 U.S.C. §2255 Motion. Though Mr. Valdovinos-Medina filed an addendum, the supplementary materials did not address timeliness of the § 2255 Motion.

## BACKGROUND

Mr. Valdovinos-Medina was indicted September 28, 2004 for being an alien in the United States after deportation in violation of 8 U.S.C. § 1326. He was found to be indigent and counsel was appointed to represent him (Ct. Rec. 14).  He pled to Count 1 on June 8, 2005 (Ct. Rec. 38).  This Court sentenced him to 70 months of incarceration on September 20, 2005 (Ct. Rec. 48). An appeal was filed on September 23, 2005 (Ct. Rec. 50). The Ninth Circuit affirmed, entering the Mandate on September 29, 2006 (Ct. Rec. 72).

ORDER - 1

## DISCUSSION

Mr. Valdovinos-Medina's §2255 Motion is not timely. The statute establishes a one year period of limitation for filing a § 2255 motion which runs from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (West 2008). The Motion is untimely unless 1) facts exist that would extend the one year period of limitation or 2) extraordinary circumstances exist which require equitable tolling of the period of limitation.

The Ninth Circuit has ruled that equitable tolling is an alternative basis for finding a petition to be timely. *United States v. Battles,* 362 F.3d 1195, 1196 (9th Cir. 2004). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). An extraordinary circumstance is some external impediment that caused his untimeliness. *Bryant v. Arizona Atty. Gen.,* 499 F.3d 1056, 1061 (9th Cir. 2007). The circumstance must be beyond the prisoner's control. *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir. 2003). In addition, the prisoner must show a causal connection between the extraordinary circumstance and his failure to timely file his motion. *Id.* Although equitable tolling is justified in a few cases, the threshold to establish such tolling is very high." *Id.*

Movant filed the §2255 Motion more than one year after the date that the conviction became final, but failed to justify his tardy filing.

ORDER - 2

Once the Court has afforded the Movant notice and opportunity to respond to the Court's concerns regarding timeliness of the Motion, the Court may *sua sponte* dismiss the Movant's Motion. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). In the October 30, 2008 Order, the Court explained the standard for timely submission and provided the Movant with the opportunity to submit additional materials supporting his claims that the Motion is timely. Movant failed to file any additional materials and his original Motion fails to include factual support for Movant's assertions.

**CERTIFICATE OF APPEALABILITY**

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2006). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason would not differ with the Court's conclusion that the Movant has failed show that his Motion is timely. Thus a certificate of appealability should not issue. Accordingly,

**IT IS ORDERED** that Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed October 29, 2008, **Ct. Rec. 74**, is **DENIED.**

The District Court Executive is directed to:

    (a)    File this Order;

    (b)    Provide copies of the Order to Mr. Valdovinos-Medina; and

    (c)    Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; and

    (d)    **CLOSE** the corresponding civil file, **CV-08-0338-WFN**.

ORDER - 3

1  **DATED** this 17th day of December, 2008.

2

3                                              s/ Wm. Fremming Nielsen
                                              WM. FREMMING NIELSEN
4  12-16                                      SENIOR UNITED STATED DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 4